| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004<br>**McMANIMON, SCOTLAND**<br>**& BAUMANN, LLC**<br>427 Riverview Plaza<br>Trenton, New Jersey 08611<br>(609) 695-6070<br>Andrea Dobin, Esq. (adobin@msbnj.com)<br>Michele M. Dudas, Esq. (mdudas@msnbj.com)<br>*Attorneys for Andrea Dobin, Chapter 11 Trustee* | **Order Filed on December 23, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>FRUTTA BOWLS FRANCHISING, LLC,<br><br>Debtor. | Case No. 19-13230 (MBK)<br><br>Honorable Michael B. Kaplan,<br>Chief U.S.B.J.<br><br>Chapter 11<br><br>**Hearing Date and Time:**<br>**December 17, 2020, at 2:00 p.m.** |

**ORDER GRANTING MOTION OF ANDREA DOBIN, CHAPTER 11 TRUSTEE, AUTHORIZING (A) SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m); (B) ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS PURSUANT TO 11 U.S.C. § 365; AND (C) RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through twelve (12), is hereby **ORDERED.**

**DATED: December 23, 2020**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

4828-0056-4691.2

| | |
|---|---|
| Debtors: | Frutta Bowls Franchising, LLC |
| Case No. | 19-13230 (MBK) |
| Caption of Order: | Order Granting Motion of Andrea Dobin, Chapter 11 Trustee, Authorizing (A) Sale of Debtor's Assets, Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363(b), (f) and (m); (B) Assumption and Assignment of Certain Contracts Pursuant to 11 U.S.C. Pursuant to 11 U.S.C. § 365; and (C) Related Relief |

**THIS MATTER,** having been presented to the Court by Andrea Dobin, the Chapter 11 Trustee (the "Trustee") for Frutta Bowls Franchising, LLC, Chapter 11 debtor ("Debtor"), by and through her counsel, McManimon, Scotland & Baumann, LLC, upon the filing of a motion for entry of an Order authorizing the (A) sale of the Debtor's assets ("Transferred Assets"), free and clear of all liens, claims, and encumbrances pursuant to 11 U.S.C. § 363(b), (f), and (m); (B) assumption and assignment of certain executory contracts pursuant to 11 U.S.C. § 365 ("Assigned Contracts"); and (C) granting related relief (the "Motion"); and due and proper notice of the Motion and related matters before the Court in this case having been given; and the Court having considered the moving papers and opposition thereto, if any, any additional bids received for the Transferred Assets; and oral argument, if any; and good and sufficient cause existing for the granting of the relief as set forth herein,

**THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.   Full and adequate notice of the Motion has been afforded to all interested parties.

B.   Pursuant to an Assignment of Interests of Frutta Bowls, LLC ("Bowls") and Frutta Bowls Distribution, LLC ("Distribution") to the Trustee, effective August 14, 2020, they each transferred, set over and assigned any and all interests to the Trustee the following assets owned by (a) Bowls: a system relating to the establishment, development and operation of Frutta Bowls businesses including certain know-how, trade secrets, copyrighted material (registered or unregistered) and trademarks, including the service mark "Frutta Bowls" design (U.S. Reg. No.

| | |
|---|---|
| Debtors: | Frutta Bowls Franchising, LLC |
| Case No. | 19-13230 (MBK) |
| Caption of Order: | Order Granting Motion of Andrea Dobin, Chapter 11 Trustee, Authorizing (A) Sale of Debtor's Assets, Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363(b), (f) and (m); (B) Assumption and Assignment of Certain Contracts Pursuant to 11 U.S.C. Pursuant to 11 U.S.C. § 365; and (C) Related Relief |

5184834), word mark, "Frutta Bowl" (Serial No. 87593542 – application pending), and word mark "This is How I Frutta" (Serial No. 87574888 – application pending) and other unregistered trade names, trademarks, service marks, logos, trade dress, commercial symbols and proprietary rights, and (b) Distribution: any distribution rights, known or unknown (collectively, the Transferred Interests"). As set forth in the Agreement (defined below), specifically excluded from the sale of the Transferred Interests is the potential malpractice action against the Debtor's prior counsel.

        C.        The offer made by Restaurant Co., LLC (d/b/a Saladworks), or its designees (the "Purchaser") in the amount of Six Hundred Seventy-Five Thousand Dollars ($675,000), plus additional consideration being paid for the accounts receivable in the amount of seventy-five (75%) percent of the value of the outstanding accounts receivable generated in the ordinary course of business for the period of current through sixty (60) days past due as of the closing date, is the highest and best offer received for the Transferred Assets and the sale price for the Transferred Assets constitutes full and adequate consideration and reasonably equivalent value for the Transferred Assets.

        D.        The transaction being proposed by the Trustee was negotiated at arm's length and in good faith.

        E.        The Purchaser is a good faith purchaser for value pursuant to Section 363(m) of the Bankruptcy Code and, as such, the sale of the Transferred Assets is entitled to all of the protections afforded thereby. The Purchaser is acting and shall act in good faith within the

<718>

| | |
|---|---|
| Debtors: | Frutta Bowls Franchising, LLC |
| Case No. | 19-13230 (MBK) |
| Caption of Order: | Order Granting Motion of Andrea Dobin, Chapter 11 Trustee, Authorizing (A) Sale of Debtor's Assets, Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363(b), (f) and (m); (B) Assumption and Assignment of Certain Contracts Pursuant to 11 U.S.C. Pursuant to 11 U.S.C. § 365; and (C) Related Relief |

meaning of Section 363(m) of the Bankruptcy Code in closing the transaction(s) contemplated by in the Agreement of Sale attached as **Exhibit A** ("Agreement").  Capitalized terms used herein and not defined herein shall have the meanings given to them in the Agreement.

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. The Motion is **GRANTED**.

2. All objections and responses to the Motion are hereby overruled and denied.

3. The sale pursuant to the Agreement and related documents is hereby approved. The conveyance of the Transferred Assets by the Trustee to the Purchaser shall constitute a legal, valid, binding and effective conveyance and transfer of the Transferred Assets to the Purchaser and shall vest the Purchaser with title to the Transferred Assets. The record and transcript of the hearing and all findings and determinations of this Court are hereby incorporated herein.

4. The consideration provided by the Purchaser to the Trustee pursuant to the Agreement for the Transferred Assets, constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and under the laws of the United States, any state, territory, possession or the District of Columbia.

5. The Trustee is hereby authorized to execute and implement the Agreement and such necessary and appropriate documents in connection with the sale, either on behalf of the Debtor, or as Power of Attorney for Bowls and Distribution with respect to any of the Transferred Interests.

| | |
|---|---|
| Debtors: | Frutta Bowls Franchising, LLC |
| Case No. | 19-13230 (MBK) |
| Caption of Order: | Order Granting Motion of Andrea Dobin, Chapter 11 Trustee, Authorizing (A) Sale of Debtor's Assets, Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363(b), (f) and (m); (B) Assumption and Assignment of Certain Contracts Pursuant to 11 U.S.C. Pursuant to 11 U.S.C. § 365; and (C) Related Relief |

6. The Transferred Assets shall be sold free and clear of all liens, claims, encumbrances and interests with all such liens, claims, encumbrances and interests attaching to the net cash proceeds ultimately attributable to the Transferred Assets in which such creditor alleges a lien, Claim, Encumbrance or Interest, in the same order of priority, with the same validity, force and effect that such creditor had prior to the sale, subject to any claims and defenses the Debtor and the Debtor's estates may possess with respect thereto including, without limitation, the following: liens (statutory or otherwise), hypothecation, encumbrance, security interest, mortgage, pledge, restriction, charge, instrument, license, preference, priority, security agreement, easement, covenant, encroachment, option or other interest in the subject assets, including any right of recovery, tax (including foreign, federal, state and local taxes), of any kind or nature (including (i) any conditional sale or other title retention agreement and any lease having substantially the same effect as any of the foregoing, (ii) any assignment or deposit arrangement in the nature of a security device, (iii) any leasehold interest, license or other right, in favor of a person other than Purchaser, to use any portion of the Transferred Assets), whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-contingent, material or non-material, known or unknown (all of the foregoing collectively being referred to in this Sale Order as "Liens, Claims, Encumbrances and Interests", and, as used in this Sale Order, the term Claims includes, without limitation, any and all "claims" as that term is defined and used in the Bankruptcy Code, including section 101(5) thereof.

| | |
|---|---|
| Debtors: | Frutta Bowls Franchising, LLC |
| Case No. | 19-13230 (MBK) |
| Caption of Order: | Order Granting Motion of Andrea Dobin, Chapter 11 Trustee, Authorizing (A) Sale of Debtor's Assets, Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363(b), (f) and (m); (B) Assumption and Assignment of Certain Contracts Pursuant to 11 U.S.C. Pursuant to 11 U.S.C. § 365; and (C) Related Relief |

7. If any person or entity that has filed statements or other documents or agreements evidencing Liens, Claims, Encumbrances and Interests in or against all or any portion of the Assets (each, a "**Lien Registration Document**") shall not have delivered to the Trustee prior to the closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents (each, a "**Lien Termination Document**") necessary for the purpose of documenting the release of all Liens, Claims, Encumbrances and Interests which the person or entity has or may assert with respect to all or any portion of the Transferred Assets, the Trustee is hereby authorized and Purchaser is hereby authorized, to request that such parties execute and file Lien Termination Documents with respect to the Transferred Assets.

8. On the Closing Date and except as otherwise provided herein, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Debtor's interests in the Transferred Assets to the Purchaser and a full and complete general assignment to the Purchaser.

9. A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any Liens, Claims, Encumbrances and Interests of record on Assets.

10. Purchaser shall not have any liability or other obligation of the Debtor or the Trustee arising under or related to any of the Transferred Assets. Without limiting the generality of the foregoing, the Purchaser shall not be liable for any Liens, Claims, Encumbrances or

| | |
|---|---|
| Debtors: | Frutta Bowls Franchising, LLC |
| Case No. | 19-13230 (MBK) |
| Caption of Order: | Order Granting Motion of Andrea Dobin, Chapter 11 Trustee, Authorizing (A) Sale of Debtor's Assets, Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363(b), (f) and (m); (B) Assumption and Assignment of Certain Contracts Pursuant to 11 U.S.C. Pursuant to 11 U.S.C. § 365; and (C) Related Relief |

Interests that may be asserted against the Debtor, or the Trustee, or any of their predecessors or affiliates, and the Purchaser shall not be liable for any Liens, Claims, Encumbrances or Interests against the Debtor including under any theory of antitrust, environmental, successor or transferee liability, labor law, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, including liabilities on account of warranties, intercompany loans and receivables between the Debtors, and any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of any of the Transferred Assets prior to the Closing Date.

11. Except as otherwise expressly provided in this Sale Order and the Agreement all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade creditors, dealers, employees, litigation claimants, and other creditors, holding Liens, Claims, Encumbrances or Interests of any kind or nature whatsoever, including, without limitation, rights or claims based on any taxes or successor or transferee liability, against or in the Debtor or the Transferred Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtor, the Transferred Assets, or the operation of the Transferred Assets before the Closing Date of the Agreement or the transactions contemplated by the Agreement, are forever barred from asserting against the Purchaser, its assets and the Transferred Assets, such

| | |
|---|---|
| Debtors: | Frutta Bowls Franchising, LLC |
| Case No. | 19-13230 (MBK) |
| Caption of Order: | Order Granting Motion of Andrea Dobin, Chapter 11 Trustee, Authorizing (A) Sale of Debtor's Assets, Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363(b), (f) and (m); (B) Assumption and Assignment of Certain Contracts Pursuant to 11 U.S.C. Pursuant to 11 U.S.C. § 365; and (C) Related Relief |

persons' or entities' Liens, Claims, Encumbrances or Interests, including, without limitation, rights or Claims based on any taxes or successor or transferee liability; provided, however, nothing in this Sale Order or the Agreement releases, nullifies, precludes, or enjoins the enforcement of any liability or obligation to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of the Transferred Assets after the date of entry of this Sale Order.

12. The Trustee is authorized to assume and assign any existing unexpired contracts or leases ("Assumed Contract") to Purchaser relating to the Debtor's business pursuant to 11 U.S.C. § 365, free and clear of all interests or claims of any kind or nature whatsoever and to execute and deliver to the Purchaser such documents or other instruments as may be necessary to assign and transfer the Assumed Contract to the Purchaser.

13. The Assumed Agreement shall be deemed valid and binding and in full force and effect and assumed by the Debtor and assigned to the Purchaser at the closing, pursuant to sections 363 and 365 of the Bankruptcy Code, and with non-debtor parties to such Assumed Agreement being without basis to assert against the Purchaser, among other things, defaults, breaches or claims of pecuniary losses existing as of the Closing Date or by reason of the closing of the sale. There are no monetary or other defaults under any of the Assumed Agreement that must be cured by the Purchaser as a condition to assignment. For the avoidance of doubt and notwithstanding anything contained herein to the contrary, the Purchaser shall have no liability with respect to any accrued, but unbilled, charges arising under, without limitation, any

| | |
|---|---|
| Debtors: | Frutta Bowls Franchising, LLC |
| Case No. | 19-13230 (MBK) |
| Caption of Order: | Order Granting Motion of Andrea Dobin, Chapter 11 Trustee, Authorizing (A) Sale of Debtor's Assets, Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363(b), (f) and (m); (B) Assumption and Assignment of Certain Contracts Pursuant to 11 U.S.C. Pursuant to 11 U.S.C. § 365; and (C) Related Relief |

agreements, leases, and contracts for and with respect to any period up to and including the Closing Date of the sale. Non-debtor parties to the Assumed Agreement are forever bound by the Sale order and are hereby enjoined from taking any action against the Purchaser or the Transferred Assets with respect to any claim for cure under any Assumed Agreement occurring prior to Closing Date.

14. With respect to the Assumed Agreement: (i) each Assumed Agreement is an executory contract under section 365 of the Bankruptcy Code; and (ii) the Trustee may assume and assign each of the Assumed Agreement in accordance with § 365 of the Bankruptcy Code. Any provision in any Assumed Agreement that purports to declare a breach, default or payment right as a result of an assignment or a change of control in respect of the Debtor is unenforceable and constitutes an unenforceable anti-assignment provision that is void and of no force and effect. All Assumed Agreement shall remain in full force and effect. No sections or provisions of any Assumed Agreement that purports to provide for additional payments, penalties, charges, or other financial accommodations in favor of the non-debtor third party to the Assumed Agreement shall have any force and effect with respect to the transactions contemplated by the Agreement and assignments authorized by this Sale Order, and such provisions constitute unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under section 365(e) of the Bankruptcy Code and no assignment of any Assumed Agreement pursuant to the terms of the Agreement in any respect constitutes a default under any Assumed Agreement. The non-debtor party to each Assumed Agreement shall

4842-5873-3780, v. 1

| | |
|---|---|
| Debtors: | Frutta Bowls Franchising, LLC |
| Case No. | 19-13230 (MBK) |
| Caption of Order: | Order Granting Motion of Andrea Dobin, Chapter 11 Trustee, Authorizing (A) Sale of Debtor's Assets, Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363(b), (f) and (m); (B) Assumption and Assignment of Certain Contracts Pursuant to 11 U.S.C. Pursuant to 11 U.S.C. § 365; and (C) Related Relief |

be deemed to have consented to such assignment under section 365(c)(1)(B) of the Bankruptcy Code, and the Purchaser shall enjoy all of the rights and benefits under each such Assumed Agreement as of the applicable date of assumption without the necessity of obtaining such non-debtor party's written consent to the assumption or assignment thereof.

15. The Purchaser have satisfied any and all requirements under sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code to provide adequate assurance of future performance under the Assumed Agreement. The Purchaser shall not be required to provide any further evidence of any adequate assurance to any counterparty of an Assumed Agreement.

16. The transaction will close on or before December 30, 2020; notwithstanding anything contained herein to the contrary, the Closing Date may be extended upon the mutual written consent of the Trustee and Purchaser or upon further Order of the Court.

17. Any Transferred Assets of the Debtor sold to the Purchaser pursuant to the Agreement that is in the control or possession of third parties shall be promptly turned over to the Purchaser in cooperation with the Trustee. The Court retains jurisdiction over any Transferred Assets that is in the control or possession of the third parties for the purposes of enforcing the transfer of the Transferred Assets from the Debtor to the Purchaser pursuant to the terms of the Agreement.

18. No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Agreement.

| | |
|---|---|
| Debtors: | Frutta Bowls Franchising, LLC |
| Case No. | 19-13230 (MBK) |
| Caption of Order: | Order Granting Motion of Andrea Dobin, Chapter 11 Trustee, Authorizing (A) Sale of Debtor's Assets, Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363(b), (f) and (m); (B) Assumption and Assignment of Certain Contracts Pursuant to 11 U.S.C. Pursuant to 11 U.S.C. § 365; and (C) Related Relief |

19. The failure specifically to include any particular provision of the Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement is authorized and approved in its entirety; *provided, however*, that this Sale Order shall govern if there is any inconsistency between the Agreement (including all ancillary documents executed in connection therewith) and this Sale Order. Likewise, all of the provisions of this Sale Order are non-severable and mutually dependent.

20. This Sale Order will be binding in all respects upon the Debtor, its bankruptcy estate, all creditors, all holders of equity interests in the Debtor, all holders of any interests or claims (whether known or unknown) against the Debtor, all counterparties to any executory contract or unexpired lease of the Debtor, and any trustees, examiners, or other fiduciary, if any, subsequently appointed in the Debtor's Chapter 11 case or upon a conversion to Chapter 7 under the Bankruptcy Code.

21. The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement is not material.

22. The stay provisions under Fed. R. Bankr. P. 6004(h) be and hereby are waived and, therefore, not applicable to this Sale.

23. The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the Agreement, all amendments

| | |
|---|---|
| Debtors: | Frutta Bowls Franchising, LLC |
| Case No. | 19-13230 (MBK) |
| Caption of Order: | Order Granting Motion of Andrea Dobin, Chapter 11 Trustee, Authorizing (A) Sale of Debtor's Assets, Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363(b), (f) and (m); (B) Assumption and Assignment of Certain Contracts Pursuant to 11 U.S.C. Pursuant to 11 U.S.C. § 365; and (C) Related Relief |

thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtor or the Trustee is a party or which has been assigned by the Debtor or the Trustee to the Purchaser in accordance with the Agreement, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Agreement, including retaining jurisdiction to (a) compel delivery of the Transferred Assets in accordance with the Agreement; (b) interpret, implement and enforce the provisions of this Sale Order; and (c) protect Purchaser against any Liens, Claims, Encumbrances and Interests in or against the Debtor or the Transferred Assets of any kind or nature whatsoever, attaching to the proceeds of the sale under the Agreement.

24. The Debtor or the Trustee are authorized to take all actions necessary to effectuate the relief granted pursuant to this Sale Order in accordance with the Motion.

25. Should Purchaser fail to close in accordance with the Agreement, F9 Investments, LLC, or its designee, is designated as a backup bidder for a sale price of $665,000, plus additional consideration being paid for the accounts receivable in the amount of seventy-five (75%) percent of the value of the outstanding accounts receivable for the period of current through sixty (60) days past due as of the closing date.

26. All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).